UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GARY L. FOSTER,<br><br>           Plaintiff,<br><br>     v.<br><br>SCME MORTGAGE BANKERS, INC. a California corporation; CLEVER KEY FINANCIAL, LLC, a California limited liability company; WEST COAST MORTGAGE, a business entity of unknown form, HOMECOMING FINANCIAL, LLC, a Delaware limited liability company f/k/a HOMECOMINGS FINANCIAL NETWORK, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Delaware corporation; AURORA LOAN SERVICERS, LLC a Delaware limited liability company; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation; FREDERICK WINSTON WILLIAMS II, an individual; and DEBORAH DIAZ, an individual,<br><br>           Defendants.<br>_____/ | NO. CIV. 2:10-518 WBS GGH<br><br><u>ORDER RE: APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION</u> |

1

----oo0oo----

This matter came on for hearing on plaintiff's application for a temporary restraining order and motion for a preliminary injunction (Docket No. 3 ("TRO App.")) at 2:00 p.m. on April 5, 2010. Plaintiff was represented by Robert A. Spanner. Counsel has failed to submit any declaration setting forth the manner in which notice was given, or attempted to be given, to any of the defendants and admitted at oral argument that he made no effort to serve any party other than Homecoming. Defendant Homecoming Financial, LLC ("Homecoming"), which disavows any interest in the allegedly threatened foreclosure, filed an Opposition to the motion for a temporary restraining order along with a series of documents related to plaintiff's mortgage. (Docket No. 15.)

I.   Standard

In order to obtain a temporary restraining order or a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, --- U.S. ---, ---, 129 S. Ct. 365, 374 (2008).[1] As the Supreme Court has repeatedly

---

[1] Plaintiff's citation to Save Strawberry Canyon v. Dep't of Energy, 613 F. Supp. 2d 1177, 1180 & n.2 (N.D. Cal. 2009), is neither binding on this court nor applicable to this case. Save Strawberry Canyon cites a Ninth Circuit case issued months before Winter that follows the now-discredited dual-prong test for injunctive relief. See The Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (articulating the traditional Ninth

2

recognized, injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see Winter, 129 S. Ct. at 375-76.

Further, "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.  Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches . . . and may deny the motion solely on [that] ground." E.D. Cal. R. 231(b).

II. Discussion

    A.    Undue Delay

Plaintiff "could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for [a TRO]." E.D. Cal. R. 231(b).  Plaintiff has been aware of defendants' desire to initiate foreclosure proceedings on his property, at a minimum, since July 9, 2009 when MERS recorded the Notice of Default.

---

Circuit test as requiring a showing of either (1) likelihood of success and possibility of irreparable injury; or (2) serious questions going to the merits and a balance of hardships that tips sharply in the applicant's favor).  This court finds no need to deviate from Winters's clear directive that applicants for preliminary injunctive relief must satisfy all four elements listed above.  Regardless, for the reasons described below, plaintiff has failed to raise a serious merits issue with respect to his causes of action that plead equitable relief.

(Request for Judicial Notice in Supp. of Opp'n to App. for TRO & Mot. for Prelim. Inj. ("RJN"), Ex. 1.)  Yet plaintiff did not seek injunctive relief until March 3, 2010, five days before the scheduled sale date of his property. (Docket No. 3.)  When plaintiff discovered that the sale was postponed until April 7, 2010, plaintiff moved for, and was granted, a continuance of his application for a temporary restraining order until April 5, 2010.  (Docket Nos. 11, 14.)  Plaintiff has not sufficiently demonstrated that his delay in seeking injunctive relief was justified.  Accordingly, plaintiff's "undu[e] delay[]" "constitutes laches" and provides a basis for denying his TRO request.

    B.   <u>Irreparable Harm and Likelihood of Success on the Merits</u>

Plaintiff has not established a likelihood of success on the merits sufficient to warrant the extraordinary remedy of a temporary restraining order.  Although plaintiff's Complaint consists of twelve causes of action, plaintiff only argues he is entitled to a temporary restraining order on the basis of the following four claims: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, (3) violations of Cal. Civ. Code section 2943, and (4) plaintiff's contention that defendants cannot foreclose upon the Deed of Trust because the substitution of trustee is void and therefore the notice of default is also void.  Plaintiff bases his claim of irreparable harm on the fourth cause of action. While plaintiff failed to so much as mention his other causes of

4

action in his motion for a temporary restraining order, out of caution the court will evaluate plaintiff's likelihood of success on all those claims for which plaintiff requests equitable relief in the Complaint.

1.  TILA Claim

As a preliminary matter, the court notes that plaintiff does not request any equitable relief under TILA. Rather, plaintiff's first cause of action only seeks damages for the alleged disclosure failures that occurred during the origination of plaintiff's loan. (Compl. (Docket No. 2), at ¶¶ 36-42.) Nor does plaintiff's prayer for relief seek rescission of the loan. (Id. at 20.) Plaintiff has not alleged any facts to support a finding that the damages prayed for in the Complaint are insufficient to remedy the alleged TILA violations or that he will suffer irreparable harm related to his TILA claim in the absence of injunctive relief. Plaintiff's TILA claim therefore cannot provide the basis for alleging irreparable harm necessary to warrant injunctive relief. See Northern Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007).

Even if the court does construe plaintiff's TILA claim to allege a demand for rescission, it is time-barred. In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction. McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635). A creditor must "clearly and conspicuously disclose" this right to

the borrower along with "appropriate forms for the [borrower] to exercise his right to rescind." 15 U.S.C. § 1635(a). If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation to rescind the transaction. 15 U.S.C. § 1635(f); see 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation."). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986))).

Plaintiff signed the deed of trust on April 1, 2006, and filed this action on March 3, 2010, more than three years after closing. Even if plaintiffs were legally entitled to equitable tolling of their claim, plaintiffs have not alleged any facts in the Complaint that would warrant tolling the statute of limitations. In his Reply brief, plaintiff argues that the one-year statute of limitations for his TILA damages claim should be tolled because he never received his TILA disclosures. (Reply Mem. in Supp. of TRO (Docket No. 17), at 4-5.) As previously stated, however, plaintiff's TILA damages claim does not provide support for a temporary restraining order because plaintiff will not suffer irreparable injury should injunctive relief not issue. It is therefore unlikely that plaintiff will be able to establish

6

that his TILA claim is timely, and accordingly he has not demonstrated a likelihood for success on his TILA claim.

### 2. RESPA Claim

In his application for a temporary restraining order, plaintiff alleges that multiple defendants conspired to provide defendants with a kickback for plaintiff's loan in violation of 12 U.S.C. § 2607. Again, plaintiff makes no connection between the alleged illegal "kickback" that occurred at the origination of his loan and the impending foreclosure sale. Indeed, like plaintiff's first cause of action for TILA violations, plaintiff's second action for RESPA violations seeks only damages and does not seek equitable relief. Nor does plaintiff make any showing that he will suffer irreparable injury related to his claim for damages under RESPA if injunctive relief does not issue. For the same reasons explained above, plaintiff's RESPA claim does not provide a basis for a finding of likely irreparable harm needed to warrant injunctive relief.

Even if plaintiff could show irreparable harm, his RESPA cause of action is likely barred by the one-year statute of limitations. 12 U.S.C. § 2614. For the same reasons explained above, plaintiff has not shown that, if it is available, equitable tolling is warranted. It is therefore unlikely that plaintiff will be able to establish that his RESPA claim is timely, and accordingly he has not demonstrated a likelihood for success on his RESPA claim.

### 3. Cal. Civ. Code Section 2943 Claim

At oral argument, counsel for plaintiff acknowledged that under subsection(g) section 2943 does not become operative

7

until Jan. 1, 2014, and abandoned the cause of action under that section. Therefore, this cause of action cannot sustain a motion for a temporary restraining order.

### 4. Plaintiff's Claim That the Foreclosure Sale Is Illegal

#### a. Wrongful Foreclosure

The fourth allegation in plaintiff's application for a temporary restraining order appears to be a recital of the basis for plaintiff's ninth cause of action for wrongful foreclosure and quiet title. (See Compl. ¶¶ 112-124.) Plaintiff alleges that because the original lender on his deed of trust, SCME, ceased to exist in 2008, MERS lacked authority to substitute the trustee under the Deed of Trust and the Notice of Default and Notice of Trustee's Sale are therefore void. (See Id.; TRO App. 6-7.) Plaintiff asserts that "none of the entities identified in the Notice of Default or Notice of Trustee's Sale have the right to direct the foreclosure trustee to foreclose under the deed of trust, and the trustee has no authority because it was improperly appointed." (Compl. ¶ 121.) Furthermore, plaintiff argues that "none of the Defendants has authority to make or deliver [a demand for sale], since none of the Defendants hold the Note nor is any Defendant acting on behalf of HOMECOMINGS, the owner of the loan, and the trustee has no authority to act." (Id. ¶ 122.)

Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). Because plaintiff's house has not yet

8

been sold, a claim for wrongful foreclosure is not yet ripe.

Even if plaintiff's wrongful foreclosure claim was ripe, the theory advanced by plaintiff is incorrect as a matter of law. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." Bartold v. Glendale Fed. Bank, 81 Cal. App. 4th 816, 821 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1235 (1995). The California Court of Appeal for the Fourth District has explained that California's non-judicial foreclosure statute, California Civil Code section 2924, is a "comprehensive statutory framework established to govern nonjudicial foreclosure sales [and] is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994); see I.E. Assoc. v. Safeco Title Ins. Co., 39 Cal. 3d 281 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust."). Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute. See Moeller, 25 Cal. App. 4th at 834; see also, I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 288 (1985).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California

9

Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  Moeller, 25 Cal. App. 4th at 830. There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.  Under the deed of trust, MERS explicitly was granted the power, as the lender's agent, to exercise any of the lender's interests and to take any action required of the lender.  (RJN Ex. 3, at 3.)  This power explicitly includes the right to foreclose the property, (Id.) and extends to the lender's right to appoint a successor trustee.  (Id. ¶ 24.)

      Furthermore, under California law there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Oliver v. Countrywide Home Loans, Inc., No. 09-1381, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (Damrell, J.) (citing Alvara v. Aurora Loan Servs., No. 09-1512, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. 09-00844, 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co., No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009).  Plaintiff's assertion that the foreclosure is illegal because no defendant is in possession of the note must therefore fail as a matter of law.

Plaintiff admits that the Deed of Trust specified that MERS would act "solely as the nominee for the Lender, SCME, <u>and Lender's successors and assigns</u>." (Compl. ¶ 117) (emphasis added); (<u>see also</u> RJN Ex. 3, at 2(E).)  Plaintiff also admits that SCME assigned its beneficial interest to Homecomings in 2006, two years before it allegedly ceased to exist.  (Compl. ¶ 118.)  After the transfer from SCME to Homecomings, therefore, MERS would act as the nominee for Homecoming.  Plaintiff's ninth cause of action implicitly requires that SCME's 2008 closing somehow invalidated SCME's 2006 assignment of its interest in the loan.  This is incomprehensible on its face.  Rather, MERS could--and did--substitute the trustee as an agent of Homecomings from the time SCME transferred its interest to Homecomings in 2006.  Plaintiff has failed as a matter of law to allege any facts that would support a finding that he will likely prevail on his claim that the Notice of Default and Notice of Trustee's Sale were illegal.

### b.   Quiet Title

To the extent that plaintiff's ninth cause of action also alleges a claim for quiet title, plaintiff cannot sustain a quiet title claim as a matter of law.  The purpose of a quiet title action is to establish one's title against adverse claims to real property.  A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust."  <u>Kelley v. Mortgage Elec. Reg. Sys., Inc.</u>, No. C 09-01538 SI, --- F. Supp. 2d ----, 2009 WL 2475703, at *7 (N.D. Cal. Aug. 12, 2009).  "[A] mortgagor cannot quiet his

11

title against the mortgagee without paying the debt secured." Watson v. MTC Fin., Inc., No. Civ. 2:09-01012 JAM KJM, 2009 WL 2151782 (E.D. Cal. Jul. 17, 2009) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)).  As plaintiff has not pled that he has the ability to pay the debt secured by the mortgage, he cannot sustain a quiet title action against defendants.

Accordingly, plaintiff has not shown a likelihood of success on his theories for wrongful foreclosure, for quiet title, and that defendants may not foreclose on his home because the substitution of trustee was illegal.

5. California's Unfair Competition Law Claims

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  Plaintiff alleges three UCL causes of action against defendants.  All three seek "injunctive relief enjoining Defendants from engaging in the unlawful business acts and/or practices described herein." (Compl. ¶¶ 77, 90, 103.)  Plaintiff's fifth cause of action for UCL violations is premised on alleged TILA and RESPA violations, which also provide for liability under California Financial Code section 50505(a)-(b).  For the reasons explained above, neither of plaintiff's TILA or RESPA causes of action provide a basis on which to grant injunctive relief, nor has plaintiff shown a likelihood of success for those claims.  Plaintiff has therefore not shown a likelihood of success for his fifth cause of action for violation of the UCL.

Plaintiff's sixth cause of action for violation of the

12

UCL is premised on alleged falsifications by Williams, SCME, and Clever Key at the loan origination stage. (Compl. ¶¶ 79-91.) Plaintiff's seventh cause of action for UCL violations is premised on Aurora's alleged delay in providing plaintiff with copies of his loan documents for six months in late 2009. (Compl. ¶¶ 92-104.) Plaintiff makes no connection between the alleged falsifications or delay and the pending foreclosure sale that would support a finding that he is likely to suffer irreparable injury should injunctive relief not issue. These causes of action, therefore, cannot support an application for a temporary restraining order to prevent the foreclosure of plaintiff's house.

None of plaintiff's other causes of action pray for equitable relief. Because plaintiff has not shown a likelihood of irreparable harm or of success on the merits for any of the claims which are listed in the temporary restraining order or which request equitable relief, his motion for a temporary restraining order must be denied. See Winter, 129 S. Ct. at 374.

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order be, and the same hereby is, DENIED.

DATED: April 6, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

13