UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GARY L. FOSTER, | NO. CIV. 2:10-518 WBS GGH |
| Plaintiff, | |
| v. | ORDER RE: MOTION FOR PRELIMINARY INJUNCTION |
| SCME MORTGAGE BANKERS, INC. a California corporation; CLEVER KEY FINANCIAL, LLC, a California limited liability company; WEST COAST MORTGAGE, a business entity of unknown form, HOMECOMING FINANCIAL, LLC, a Delaware limited liability company f/k/a HOMECOMINGS FINANCIAL NETWORK, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Delaware corporation; DEUTSCHE BANK TRUST CO. AMERICAS; AURORA LOAN SERVICERS, LLC a Delaware limited liability company; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation; FREDERICK WINSTON WILLIAMS II, an individual; and DEBORAH DIAZ, an individual, | |
| Defendants. | |

This matter came on for hearing on plaintiff's motion for a preliminary injunction (Docket No. 29) at 2:00 p.m. on June 14, 2010. Plaintiff was represented by Robert A. Spanner and defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Aurora Loan Services ("Aurora") were represented by Robert Shaw. MERS and Aurora filed an Opposition along with a series of documents related to Aurora's servicing of plaintiff's loan. (Docket No. 54.) The court previously denied plaintiff's motion for a temporary restraining order on the grounds that plaintiff failed to show a likelihood of success on the merits of those claims which requested equitable relief. (See Docket Nos. 3, 22.) Plaintiff subsequently filed a First Amended Complaint (Docket No. 33), which serves as the basis for plaintiff's instant motion.

In order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, —-- U.S. —--, —--, 129 S. Ct. 365, 374 (2008).[1] As the Supreme Court has repeatedly recognized, injunctive relief is "an

---

[1] Plaintiff argues that Winter does not fully supercede the Ninth Circuit's alternate sliding scale tests for preliminary injunctive relief, see The Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (articulating the traditional Ninth Circuit test as requiring a showing of either (1) likelihood of success and possibility of irreparable injury; or (2) serious questions going to the merits and a balance of hardships that tips sharply in the applicant's favor). This court finds no need to deviate from Winter's clear directive that applicants for preliminary injunctive relief must satisfy all four elements listed above.

2

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see Winter, 129 S. Ct. at 375-76.

Plaintiff's First Amended Complaint ("FAC") is virtually identical to his original Complaint with three significant changes. (Compare Docket No. 2 with Docket No. 33.) The FAC adds Deutsche Bank Trust Co. Americas as a defendant, eliminates plaintiff's cause of action for violation of California Civil Code section 2943, adds multiple new factual allegations under his cause of action for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, and bifurcates the wrongful foreclosure cause of action to plead quiet title separately. None of these changes correct the defects identified by the court in its April 7, 2010 Order denying plaintiff's motion for a temporary restraining order.

Plaintiff's motion for a preliminary injunction is based solely on his causes of action for violations of TILA, California Business and Professions Code section 17200 (California unfair competition law ("UCL")), and for irregularities in the foreclosure process. Plaintiff concedes that he seeks only damages under TILA and does not seek rescission of the loan. (Pl.'s Reply in Supp. of Mot. for Prelim. Inj. (Docket No. 65) at 3.) As the court explained in its Order of April 7, 2010, a TILA cause of action seeking only damages does not entitle plaintiff to preliminary injunctive relief because his damages claim will not be jeopardized by the foreclosure of his home. (Docket No. 22.) While plaintiff makes

3

much of the settled principle that losing one's home is an irreparable injury, he is entitled to preliminary injunctive relief only to the extent that the injury is related to a cause of action in his FAC that would, if plaintiff prevailed, somehow affect the foreclosure of his home. Plaintiff's state law claims for wrongful foreclosure and to quiet title, discussed below, for example, do seek equitable relief that could be jeopardized by the foreclosure sale. If plaintiff prevails on his TILA damages claim he would be entitled only to damages and there would be no effect on the foreclosure of his home. The court does not know how to more clearly state that a TILA claim for damages does not entitle plaintiff to stop the foreclosure of his house and therefore cannot be the basis of a preliminary injunction enjoining the foreclosure.

Plaintiff seeks injunctive relief under his fifth cause of action for violation of section 17200 which incorporates the alleged TILA violations and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. Section 17203 of the California Business and Professions Code provides that injunctive relief is available "to prevent the use or employment by any person of any practice which constitutes unfair competition" and "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. Plaintiff's fifth cause of action seeks injunctive relief to enjoin defendants from engaging in the unlawful business practices related to TILA and RESPA disclosures. (FAC ¶ 96.)

1        The alleged TILA violations are that defendants failed
2   to make required disclosures related to the annual percentage
3   rate ("APR") of his loan, interest rate, finance charges, and
4   negative amortization.  (Id. ¶¶ 38-59.)  The result of these
5   alleged disclosure failures was that plaintiff was unaware his
6   principal loan balance would increase, that he would lose equity
7   in his home, and that he would be unable to refinance his home.
8   (Id. ¶ 54.)  In his section 17200 cause of action plaintiff
9   alleges that he received worse terms in the note than he had been
10  promised, and that defendants benefitted from their unfair
11  business practices by receiving more money from plaintiff than
12  they otherwise would have.  (Id. ¶ 94.)
13       These allegations do not support an injunction to stop
14  the foreclosure on plaintiff's home.  An injunction under section
15  17203 to prevent unfair competition practices would be one that
16  stopped the misleading disclosure practices of which plaintiff
17  complains in his first and fifth causes of action.  To the extent
18  the FAC could be interpreted to seek injunctive relief to restore
19  his money or property which was acquired by unfair competition,
20  plaintiff's fifth cause of action alleges only that defendants
21  received more money from plaintiff than they were entitled to.
22  Indeed, plaintiff seeks the imposition of a constructive trust
23  over the additional sums allegedly collected by defendants.  (Id.
24  ¶ 95.)  Simply put, the fifth cause of action does not seek
25  injunctive relief related to the foreclosure of plaintiff's home.
26  Plaintiff cannot seek to stop the foreclosure of his home on a
27  motion for preliminary injunction if prevailing on his fifth
28  cause of action would not affect the foreclosure.

1      Plaintiff also argues that irregularities in the
foreclosure process warrant an injunction because it is unclear
if any of the defendants have authority to foreclose on
plaintiff's home.  Plaintiff's ninth cause of action for wrongful
foreclosure in his FAC is identical in all respects to his
original Complaint except for two additions.  First, plaintiff
now alleges that MERS is not authorized to conduct business in
California and therefore could not properly substitute the
trustee under the deed of trust.  (FAC ¶¶ 136, 138.)  MERS,
however, is statutorily exempted from the requirement to obtain a
certificate of qualification to conduct business in California.
MERS registered as a Delaware corporation, which is a foreign
corporation under California law.  Cal. Corp. Code §§ 167, 171.
MERS is not required to obtain a certificate of qualification
from the Secretary of State because it does not "transact
intrastate business" within the meaning of the statute.  See,
e.g., Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d
1191, 1195 & n.3 (E.D. Cal. 2009).  Second, plaintiff alleges
that the note holder has not authorized the foreclosure.  (Id. ¶
139.)  As explained in the court's prior Order, multiple parties
other than the holder of the note can initiate a non-judicial
foreclosure.  (See Docket No. 22, at 8-11.)  Plaintiff has failed
to raise a serious merits issue, therefore, with respect to
claims that the foreclosure process is somehow invalid.

     With respect to the remainder of plaintiff's causes of
action in his FAC, they are identical to those in his original
Complaint and cannot support a motion for a preliminary
injunction for the same reasons the court articulated in its

April 7, 2010 Order denying plaintiff's motion for a temporary restraining order.  Because plaintiff has not shown a likelihood of success on the merits for any of the claims which are listed in the motion for preliminary injunction or in his FAC which request equitable relief, his motion for a preliminary injunction must be denied.  See Winter, 129 S. Ct. at 374.

      IT IS THEREFORE ORDERED that plaintiffs' motion for a preliminary injunction be, and the same hereby is, DENIED.

DATED:   June 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE