UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY L. FOSTER,

        Plaintiff,

    v.

SCME MORTGAGE BANKERS, INC. a
California corporation; CLEVER
KEY FINANCIAL, LLC, a
California limited liability
company; WEST COAST MORTGAGE,
a business entity of unknown
form, HOMECOMING FINANCIAL,
LLC, a Delaware limited
liability company f/k/a
HOMECOMINGS FINANCIAL NETWORK,
INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. a
Delaware corporation; DEUTSCHE
BANK TRUST CO. AMERICAS;
AURORA LOAN SERVICERS, LLC a
Delaware limited liability
company; CAL-WESTERN
RECONVEYANCE CORPORATION, a
California corporation;
FREDERICK WINSTON WILLIAMS II,
an individual; and DEBORAH
DIAZ, an individual,

        Defendants.

_____/

NO. CIV. 2:10-518 WBS GGH

<u>ORDER RE: MOTION FOR</u>
<u>INJUNCTION PENDING APPEAL</u>

1

On June 29, 2010, plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit (Docket No. 87) from this court's Order of June 25, 2010 (Docket No. 85), denying his motion for a preliminary injunction.  Plaintiff now moves to enjoin defendants from instituting a foreclosure sale on plaintiff's property, recording any deeds or mortgages regarding the property, or otherwise acting to deprive plaintiff of control of his home pending appeal.  (Docket No. 91.)

Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. Natural Resources Def. Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, the principle of exclusive appellate jurisdiction is not absolute.  Id.  Rather, the trial court retains the inherent power during the pendency of an appeal to act to preserve the status quo to ensure the effectiveness of the eventual judgment.  See id.; Tribal Village of Akutan, 859 F.2d 662, 663 (9th Cir. 1988).

Federal Rule of Civil Procedure 62(c), which allows a district court to "in its discretion . . . suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party," codifies the exception to the general rule of exclusive appellate jurisdiction.  Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case . . . ." McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).  In addition, pursuant to Federal Rule of Appellate Procedure 8(a)(1), to obtain an

injunction pending appeal from the Ninth Circuit, "[a] party must ordinarily move first in the district."[1]

In deciding whether to grant an injunction pending appeal, courts apply the same standard employed when considering a motion for a preliminary injunction. <u>Akutan</u>, 859 F.2d at 663; <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983); <u>accord</u> <u>Humane Soc. of U.S. v. Gutierrez</u>, 558 F.3d 896, 896 (9th Cir. 2009). In order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. NRDC</u>, 129 S. Ct. 365, 374 (2008); <u>Humane Soc.</u>, 558 F.3d at 896. As the Supreme Court has repeatedly recognized, injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997); <u>see</u> <u>Winter</u>, 129 S. Ct. at 375-76.

For the reasons stated the court's previous orders denying plaintiff's motion for a temporary restraining order (Docket No. 22) and motion for a preliminary injunction (Docket No. 85), plaintiff has failed to establish either a likelihood of success on the merits of his claims or that he is likely to suffer irreparable harm if the court does not issue an

---

[1] Pursuant to Federal Rule of Appellate Procedure 8(a)(2), a motion for injunction pending appeal may be made to the court of appeals or to one of its judges. Such a motion must "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested." Fed. R. App. P. 8(a)(2)(A).

injunction.   The only claims under which plaintiff could possibly nullify the pending foreclosure sale are his wrongful foreclosure and quiet title claims.   As explained in the court's April 7, 2010 and June 20, 2010 Orders, plaintiff's wrongful foreclosure claim is based on the roundly rejected theory that only the holder of his Note can foreclose on his property.   (Docket No. 22 at 8-11; Docket No. 85 at 6.)   Plaintiff also cannot sustain a quiet title action without paying the entirety of his mortgage debt.   Watson v. MTC Fin., Inc., No. Civ. 2:09-01012 JAM KJM, 2009 WL 2151782 (E.D. Cal. Jul. 17, 2009) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)).   Plaintiff has not specified either a factual error nor any rationale for concluding that the court's previous determination of his likelihood of success on the merits was incorrect, and accordingly the court will not stray from its previous rulings.

Plaintiff has also failed to make any convincing showing that irreparable harm will be suffered if an injunction pending appeal is not granted.   Although plaintiff once again invokes the maxim that losing one's home is irreparable harm, he still has not shown that success on any of the causes of action for which he seeks an injunction would somehow affect the foreclosure of his home.   (See Docket No. 85 at 3-5.) Plaintiff's claims seek damages that would not be in jeopardy regardless of any foreclosure sale on his property.   Accordingly, for the same reasons as the court found that a preliminary injunction would be unnecessary and inappropriate an injunction pending appeal just as unnecessary and inappropriate in light of plaintiff's claims.

1        IT IS THEREFORE ORDERED that plaintiff's motion for an

2   injunction pending appeal be, and the same hereby is, DENIED.

3   DATED:  July 1, 2010

4

5                                                                                         

6             WILLIAM B. SHUBB

7             UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28