```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                            ----oo0oo----


GARY L. FOSTER,                      NO. CIV. 2:10-518 WBS GGH

           Plaintiff,
                                     ORDER RE: AUTOMATIC BANKRUPTCY
     v.                              STAY

SCME MORTGAGE BANKERS, INC.,
et al.,

           Defendants.
                                   /
                            ----oo0oo----
```

Plaintiff Gary L. Foster brings this action against defendants SCME Mortgage Bankers, Inc. ("SCME"), Clever Key Financial, LLC, Clever Key Financial, Inc., West Coast Mortgage, Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. ("Homecomings"), Aurora Loan Services LLC ("Aurora"), Deutsche Bank Trust Co. ("Deutsche"), Frederick Winston Williams II, and Deborah Diaz, arising out of defendants' allegedly wrongful conduct relating to a loan agreement. Defendant Homecomings filed a motion for summary judgment pursuant to

1

Federal Rule of Civil Procedure 56.  (Docket No. 175.)  Shortly thereafter, Homecomings filed a notice of bankruptcy.  (Docket No. 176.)

The automatic stay of 11 U.S.C. § 362(a)(1) prohibits the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(1).  This action constitutes a "judicial, administrative, or other action or proceeding" against Homecoming and is subject to an automatic bankruptcy stay.  All proceedings in this case will therefore be stayed and the case will be ordered administratively closed.  See <u>Dees v. Billy</u>, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]he 'effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; <u>i.e.</u>, administratively closed cases are not counted as active.'" (discussing and quoting <u>Mire v. Full Spectrum Lending Inc.</u>, 389 F.3d 163, 167 (5th Cir. 2004))).  Any party wishing to proceed with this action may file a motion with the court to lift the stay.

IT IS THEREFORE ORDERED that all proceedings in this matter shall be STAYED.  The currently pending pretrial conference date, trial date, and hearing on defendant Homecoming's motion for summary judgment and scheduling conference currently scheduled for June 18, 2012, are hereby VACATED.  The Clerk of Court is instructed to administratively

close this case, to be reopened upon request and application of the parties and order of this court.

DATED:  June 8, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE